1
2
3
4
5

STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 420
LOS ANGELES, CALIFORNIA 90010
(213) 814-4416
fax (213) 985-2159
stevenjeyre@gmail.com

6

Attorney for plaintiff

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

ABEL DE LUNA,

12

Plaintiff,

13

-vs.-

14

15

JOSE DE JESUS NAVARRO,
RAFAEL GONZALEZ, ENRIQUE
RODRIGUEZ, GUILLERMO
RODRIGUEZ, MARIO CORONA,
ARTURO MERCADO, ANDRES
RODRIGUEZ, ERNESTO
ZAMORA, ROBERTO CAMBA,
GUADALUPE RODRIGUEZ and
CHUBY PALMA,

16

17

18

19

20

21

22

Defendants.

No.

**COMPLAINT FOR:**

1. **UNFAIR COMPETITION;**
2. **FEDERAL TRADEMARK COUNTERFEITING AND COPYING;**
3. **STATE TRADEMARK INFRINGEMENT;**
4. **DECLARATORY RELIEF;**
5. **INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**
6. **ACCOUNTING;**
7. **BREACH OF FIDUCIARY DUTY;**
8. **DISSOLUTION OF PARTNERSHIP;**
9. **INJUNCTIVE RELIEF**

23

24

**JURY TRIAL DEMANDED**

25

26

27

28

Plaintiff Abel de Luna brings this action against defendants Jose de Jesus
Navarro, Rafael Gonzalez, Enrique Rodriguez, Guillermo Rodriguez, Mario Corona,
Arturo Mercado, Andres Rodriguez, Ernesto Zamora, Roberto Camba, Guadalupe
Rodriguez and Chuby Palma for (1) unfair competition under the Lanham Act, 15

-1-
COMPLAINT

U.S.C. §§ 1051 et seq.; (2) federal trademark counterfeiting and copying under the Lanham Act; (3) trademark infringement under California common law; (4) declaratory relief; (5) interference with prospective business advantage.; (6) accounting; (7) nreach of fiduciary duty; (8) dissolution of partnership; and (9) injunctive relief, as hereinafter alleged.   Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      These claims arise under the laws of the United States, particularly under the federal Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.*, and under California statutory and common law.  This Court has original jurisdiction over the subject matter of the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1138(a), and pendent jurisdiction over the state unfair competition and associated claims under 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States and are so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.

2.      This Court has specific personal jurisdiction over each of the defendants as each resides in this judicial district or has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

3.      Venue is proper in the United States District Court for the Central District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that defendants reside in this District, transact affairs in this District and/or that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

4.      Plaintiff Abel de Luna is a resident of Los Angeles County, California.

5.      Defendant Jose de Jesus Navarro is a resident of Riverside County,

1  California.

2  6.      Plaintiff is informed and believes that defendants Rafael Gonzalez,

3  Enrique Rodriguez, Guillermo Rodriguez, Mario Corona, Arturo Mercado, Andres

4  Rodriguez, Ernesto Zamora, Roberto Camba and Guadalupe Rodriguez are residents

5  of Mexico who are present temporarily in the United States.

6  7.      Plaintiff is informed and believes that defendant Chuby Palma is a

7  resident of Riverside County, California.

8  **GENERAL ALLEGATIONS**

9  8.      Beginning in or about the early 1990s, plaintiff and defendant

10 Navarro were partners with other individuals in a musical group known as "Banda

11 Arkangel R-15."  The musical group was well-known in the Regional Mexican music

12 industry of the United States and Mexico for its *banda*-style music.  Plaintiff and

13 defendant, together with other members of the band, sued members of the band that

14 had departed to form a separate group.

15 9.      However, in or about June 2001, plaintiff and defendant Navarro

16 entered into a partnership agreement between themselves alone as owners of the

17 musical group Banda Arkangel R-15.  Pursuant to the terms of the partnership,

18 plaintiff and defendant Navarro were to share in the ownership of the "Banda

19 Arkangel R-15" mark, the musical group and the proceeds from the activities of the

20 musical group.  Plaintiff and defendant Navarro also jointly obtained the registration

21 of the Banda Arkangel R-15 mark with the United States Patent and Trademark

22 Office ("USPTO").

23 10.     Defendant Navarro continued with the operations of the musical

24 group, meeting with plaintiff on a regular basis regarding performance and recording

25 activities but claiming there were no profits from activities to distribute.

26 11.     The registration of the Banda Arkangel R-15 mark in the names of

27 plaintiff and defendant Navarro expired in 2012.

28 12.     Plaintiff became concerned that defendant Navarro was damaging the

COMPLAINT

interests and image of the musical group.  Plaintiff is informed and believes that such activities on the part of defendant Navarro's included changing the makeup of the group with a cobbled-together group of musicians, essentially turning defendant's group into a cover band of the music of "Banda Arkangel R-15," using different names for defendant's musical group, some of which did not include either "Arkangel" or "R-15," and engaging in other conduct that put at risk the image and name of "Banda Arkangel R-15" with members of the band's fan base and the public.

13.    In December 2016, plaintiff filed to register the mark BANDA ARKANGEL R-15 in international classes 9 for sound recordings and 41 for live performances of a musical group.  The registration was issued in plaintiff's name in August of 2017 by the United States Patent and Trademark Office ("USPTO"), Reg. No. 5,255,025.

14.    Plaintiff subsequently advised defendant Navarro that plaintiff had obtained the registration of the mark; defendant Navarro told plaintiff that the registration was irrelevant to Navarro, since he no longer intended to use the "Banda Arkangel R-15" name in connection with his own musical activities but rather his own name, i.e. Jesus Navarro or Chuy Navarro, or the moniker "El Chaparrito de Oro."

15.    Defendant Navarro began to perform, advertise his services and permit others to advertise the services of his musical group using defendant Navarro's own name and not the name of "Banda Arkangel R-15."

16.    In reliance upon defendant Navarro's representations to plaintiff and defendant Navarro's actions that plaintiff took as defendant Navarro's relinquishing and abandonment of the "Banda Arkangel R-15" name, plaintiff formed a band using former members of the "Banda Arkangel R-15" group under the Banda Arkangel R-15 name.  Plaintiff is informed and believes that former members of "Banda Arkangel R-15" that plaintiff incorporated into the musical group independently confirmed with defendant Navarro that he would no longer be using the name and

that Navarro was not opposed to the members of plaintiff's band performing under the name "Banda Arkangel R-15."

17.     The musical group plaintiff organized under the "Banda Arkangel R-15" in 2018 began to experience success in its performances throughout the United States, relying upon several of the musicians from the group's earliest days who knew the band's music the best.

18.     Plaintiff is informed and believes that defendant Navarro's activities under his new name were proving less successful, and in light of plaintiff's success with the newly formulated "Banda Arkangel R-15" that used several members of the historic group "Banda Arkangel R-15," defendant Navarro hired musicians from Mexico that plaintiff is informed and believes had never been members of the historic "Banda Arkangel R-15." Defendant Navarro began to use the "Banda Arkangel R-15" name for his new group in the United States.

19.     Defendant Chuby Palma is a promoter who plaintiff is informed and believes is booking dates of defendant Navarro and his musical group using the name "Banda Arkangel R-15" or colorable imitations of the name and is aiding and abetting defendant Navarro in the conduct complained of herein.

20.     Plaintiff seeks a determination that he is the sole owner of the "Banda Arkangel R-15" mark in light of defendant Navarro's conduct described herein, dissolution and accounting of the partnership with defendant Navarro, and injunctive relief against defendant Navarro's use of the "Banda Arkangel R-15" name and mark and such use by defendant Chuby Palma and the other individual defendants that interferes with plaintiff's rights in the BANDA ARKANGEL R-15 mark.

21.     Unless this Court grants such relief, including injunctive relief, plaintiff stands to suffer irreparable harm from the actions of defendants.

COMPLAINT

# FIRST CLAIM FOR RELIEF
## (FEDERAL TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION)

22.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

23.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

24.     Plaintiff Abel de Luna is owner of the trade name and mark "Banda Arkangel R-15" with respect to goods, namely phonorecords, and services, namely live performances of a musical group.  Plaintiff is also the owner of the registration of the mark with the USPTO, Reg. No. 5,255,025.

25.     Defendant Navarro abandoned his use of the "Banda Arkangel R-15" name by not only acquiescing to plaintiff's use of the "Banda Arkangel R-15" name in connection with plaintiff's group that incorporated several former members of the band, but by changing the name defendant Navarro used in connection with his own musical group, identifying defendant Navarro's group using his own name and/or moniker.

26.     Plaintiff is informed and believes that after defendant Navarro abandoned his use of the "Banda Arkangel R-15" name vis-à-vis plaintiff but saw the success of plaintiff's group compared to that of defendant Navarro that defendant Navarro put together a group of musicians himself to use the name "Banda Arkangel R-15" in competition with plaintiff's group.

27.     The conduct of defendant Navarro stands to harm plaintiff and plaintiff's musical group, for which plaintiff seeks remedies herein that include the dissolution of his partnership with defendant Navarro, declaration of plaintiff's ownership of the "Banda Arkangel R-15" mark and the associated business of the band itself.

28.     The "Banda Arkangel R-15" mark is an arbitrary mark and is

therefore inherently distinctive and entitled to maximum trademark protection.

29.     Plaintiff's "Banda Arkangel R-15" mark is a strong mark.

30.     The channels of trade in which the plaintiff's musical group "Banda Arkangel R-15" markets its goods and services, i.e. the Latin music market of the United States, is identical to the channel of trade in which defendant Navarro and the individuals working with him are conducting their acts of infringement.

31.     The services of plaintiff's musical group are similar to the services of defendants' musical group, in that both groups perform live entertainment services in the Regional Mexican musical marketplace.

32.     There is a strong likelihood of confusion arising from defendants' use of plaintiff's "Banda Arkangel R-15" mark in connection with defendants' products and services

33.     Plaintiff is informed and believes that the actions of defendants described herein have led to instances of actual confusion by promoters and consumers.

34.     Plaintiff alleges that members of the consuming public cannot be expected to exercise a great deal of care in distinguishing defendants' musical group from that of plaintiff.

35.     Defendants' actions constitute unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.     The actions of defendants, as alleged herein, will cause, and have already caused, damage to plaintiff's reputation and mark.

37.     The actions of defendants and each of them as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

38.     For the violations detailed above, plaintiff is entitled to recover defendant's profits, any damages sustained by plaintiff and plaintiff's costs, and to seek an award of reasonable attorney's fees.   15 U.S.C. § 1117(a).

39.     Plaintiff is entitled to treble damages as well as any further damage award that the court shall find to be just under the circumstances.  15 U.S.C. § 1117(a).

40.     Plaintiff is informed and believes that the acts of defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

41.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' unlawful actions have caused and will continue to cause plaintiff if defendants' conduct is not enjoined.  Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop defendants' ongoing acts of unfair competition.  15 U.S.C. § 1116(a).

## SECOND CLAIM FOR RELIEF
## (COUNTERFEITING AND COPYING OF A FEDERALLY REGISTERED TRADEMARK, AGAINST ALL DEFENDANTS)

42.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

43.     This claim for relief arises under 15 U.S.C. § 1114(1)(a).

44.     Plaintiff Abel de Luna is the owner of the registration of the BANDA ARKANGEL R-15 mark with the United States Patent and Trademark Office ("USPTO") in International Class 41 for entertainment in the nature of live performances by a musical band and International Class 9 for phonorecords, Reg. No. 5,255,025.

45.     Defendants and each of them have used a reproduction, counterfeit, copy or colorable imitation of plaintiff's registered BANDA ARKANGEL R-15 mark in connection with the sale, offering for sale, distribution and/or advertising of the services of defendants' musical group in connection with which such use is likely to cause confusion, or to cause mistake or to deceive.

46.     The "Banda Arkangel R-15" mark used by defendants and each of

them as herein alleged, is substantially indistinguishable from plaintiff's registered BANDA ARKANGEL R-15 word mark.

47.     Plaintiff is entitled to injunctive relief to prevent the violation of his rights as registrant of the above-referenced mark.  15 U.S.C. § 1116(a).

48.     For the violations detailed above, and any others shown hereafter, plaintiff is entitled to recover defendants' profits, any damages sustained by plaintiff and plaintiff's costs.  15 U.S.C. § 1117(a).  In addition, plaintiff is entitled to recover treble damages and attorney's fees against defendants and each of them for defendants' use of a counterfeit mark.  15 U.S.C. § 1117(b).  In the alternative, Plaintiff is entitled to elect statutory damages against each of the defendants for the violations described herein in an amount not less than $1,000 or more than $200,000 per type of goods or services sold, offered for sale or distributed.  15 U.S.C. § 1117(c).

49.     Plaintiff is informed and believes that the actions of defendants were and are willful.  Plaintiff is entitled to recover statutory damages for willful violations in an amount up to, but not exceeding, $2,000,000 (two million dollars) pursuant to 15 U.S.C. § 1117(c).

50.     Plaintiff alleges on information and belief that unless restrained by this Court, defendants will continue to infringe plaintiff's registered BANDA ARKANGEL R-15 mark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford plaintiff adequate relief for the damage to their trade name and mark in the public perception.

## <u>THIRD CLAIM FOR RELIEF</u>
### (STATE TRADEMARK INFRINGEMENT)

51.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

52.     Defendants' acts complained of herein constitute trademark infringement under the common law of California.

-9-
COMPLAINT

53.     Defendants' conduct as alleged above has damaged and will continue to damage plaintiff's goodwill and reputation and has resulted in a loss of revenue to plaintiff in an amount to be determined.

## FOURTH CLAIM FOR RELIEF
## (DECLARATORY RELIEF)

54.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

55.     A dispute has arisen between plaintiff, on the one hand, and defendant Navarro, on the other, concerning the rights in the "Banda Arkangel R-15" trade name and mark.

56.     The respective rights of plaintiff and defendant cannot be determined without a declaration from this Court.

## FIFTH CLAIM FOR RELIEF
## (INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE)

57.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

58.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

59.     Plaintiff has enjoyed economic relations with more than one of the venues with whom defendants have booked their musical group, in that plaintiff's group "Banda Arkangel R-15" had been booked and advertised at those venues previously or had the prospect of being booked at those venues.

60.     Plaintiff is informed and believes that defendants and each of them knew of plaintiff's relationship with the venues concerned or the prospect of such relationship and resulting economic benefit.  Defendants as well knew of the existence of plaintiff's musical group "Banda Arkangel R-15" and that plaintiff's group toured throughout the United States.

61.     Plaintiff is informed and believes that defendants and each of them engaged in the intentional acts described herein for the purpose of disrupting the relationship between plaintiff and the venues concerned, knowing that their actions described herein were substantially likely to result in interference with plaintiff's economic relationship with those venues.

62.     As a result of the actions of defendants and each of them described herein, the relationship between plaintiff and the relevant venues described herein was disrupted.

63.     Plaintiff has been damaged by the tortious interference by defendants and each of them with plaintiff's economic relations in an amount to be determined.

## SIXTH CLAIM FOR RELIEF
## (ACCOUNTING)

64.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

65.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

66.     Defendants are in possession of information relating to monies paid to defendants from their misleading and deceptive practices described herein, which constitute the misappropriation of monies from plaintiff.  The books, accounts, records, ledgers, etc. which will provide this information are in the possession of defendants and each of them.  The amount of damages, profits and interest owing to plaintiff from defendants cannot be ascertained without an accounting by defendants and each of them.

67.     Defendants and each of them have also benefited economically from the usurpation of plaintiff's trade name and mark without accounting to plaintiff for the income and profits realized by defendants and each of them as a result of such activities.

68.     Plaintiff hereby demands, and is entitled to, an accounting of all

COMPLAINT

monies received by defendants and each of them from their use of plaintiff's mark and trade name.

## SEVENTH CLAIM FOR RELIEF
## (BREACH OF FIDUCIARY DUTY)

69.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

70.     This claim for relief arises under the laws of the State of California and is alleged all defendants.

71.     As alleged above, defendant Navarro renounced any use of the "Banda Arkangel R-15" name before plaintiff.  Plaintiff is informed and believes that defendant Navarro further confirmed this fact with former members of the historic "Banda Arkangel R-15" who plaintiff had hired to incorporate into his own "Banda Arkangel R-15" with the acquiescence of defendant Navarro.

72.     The actions of defendant Navarro as set forth herein constitute a breach of fiduciary duty against plaintiff's interest in the "Banda Arkangel R-15" name and associated business.

73.     Plaintiff is entitled to enforce his rights under the Uniform Partnership Act of 1994.

74.     Plaintiff is also entitled to such other relief, including without limitation equitable relief, as will make him whole for the conduct of defendant Navarro.

75.     Plaintiff is entitled to monetary damages against defendant Navarro.

## EIGHTH CLAIM FOR RELIEF
## (DISSOLUTION OF PARTNERSHIP)

76.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

77.     This claim for relief arises under the laws of the State of California and is alleged against all defendants.

78.     Plaintiff sues for dissolution of the partnership with defendant Navarro, winding up of the business of the partnership and distribution of partnership assets, including plaintiff's continued use of the "Banda Arkangel R-15" name and goodwill of the business of the musical group.

79.     Plaintiff is further entitled to an accounting from defendant Navarro wrongfully obtained from plaintiff.

## NINTH CLAIM FOR RELIEF

## (TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF)

80.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

81.     The continuing wrongful acts of defendants herein have harmed and continue to harm the interest of plaintiff in the use of the name and mark "Banda Arkangel R-15."  If this court does not issue a temporary, preliminary and permanent injunction against defendants and each of them prohibiting the use of the name "Banda Arkangel R-15" and other confusingly similar terms in connection with the goods and services of defendant Navarro and defendants' musical group, plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER

WHEREFORE, plaintiff pray for relief as follows:

1.     For an order requiring defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

2.     For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants and each of them and their agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

-13-

COMPLAINT

(a)  using the BANDA ARKANGEL R-15 name and mark, either alone or in combination with any other words or symbols which resemble plaintiff's mark and as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service of defendant Navarro and the other defendants herein;

(b)  contacting promoters, advertisers or other businesses for the purpose of offering the services of defendants or any of them as "Banda Arkangel R-15" or any confusingly similar or colorable imitation of the "Banda Arkangel R-15" name;

(c)  using any trademark, trade name, logo, business name or other identifier or acting in any fashion which may be calculated to falsely represent that the goods and services provided, promoted or offered by defendants are sponsored by, authorized by, licensed by, or in any other way associated with plaintiff's musical group "Banda Arkangel R-15";

(d)  engaging in any other activity constituting an infringement of plaintiff's mark or trade name or of plaintiff's rights in, or right to use or to exploit said mark or trade name;

(e)  assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

3.    For an order requiring defendants to deliver up and destroy all promotional literature, advertising, tickets, goods and other material bearing the infringing, diluting or injurious designations, and further requiring defendants to remove from the internet and social media accounts, webpages and postings plaintiff's "Banda Arkangel R-15" mark;

4.    For defendants' profits in an amount according to proof.

5.    For actual damages in an amount according to proof.

6.    For three times the amount of plaintiff's actual damages suffered by reason of defendants' infringement of plaintiff's mark and trade name.

-14-
COMPLAINT

7.     For three times the amount of defendants' profits derived from infringement of plaintiff's mark and trade name.

8.     For statutory damages in an amount not less than $1,000 nor greater than $200,000 per type of goods or services sold, with respect to the infringement of plaintiff's registered mark.

9.     If the Court finds that the infringements of plaintiff's registered mark is willful, for statutory damages in an amount not less than $1,000 nor greater than $2,000,000 per type of goods or services sold.

10.    For a declaration that plaintiff Abel de Luna is the owner of the "Banda Arkangel R-15" mark.

11.    For a declaration of dissolution of the partnership.

12.    For prejudgment interest.

13.    For an accounting of all monies received by defendant Navarro in connection with the use of the name "Banda Arkangel R-15."

14.    For costs of suit.

15.    For reasonable attorneys' fees.

16.    For such other relief as the court may deem appropriate.

Dated:  October 23, 2018

/s/Steven J. Eyre
Steven J. Eyre
Attorney for plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial of this action by a jury.

Dated:  October 23, 2018

/s/Steven J. Eyre
Steven J. Eyre
Attorney for plaintiff

COMPLAINT