Marcus Gomez, Esq. (SBN89698)
Law office of Marcus Gomez
12749 Norwalk Blvd., Suite 108
Norwalk, California 90650

Telephone:   562.474.1700
Facsimile:   562.474.1703

Attorney for Defendants and Cross-Plaintiff
Jose De Jesus Navarro

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL DE LUNA, | **No.5:18-cv-02261-DMG-KK** |
| Plaintiff, | DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ORDER DISQUALIFYING COUNSEL, STEVEN EYRE FROM REPRSENTING PLAINTIFF/CROSS DEFENDANT ABEL DE LUNA |
| vs. | |
| JOSE DE JESUS NAVARRO, RAFAEL GONZALEZ, ENRIQUE RODRIGUEZ, GUILLERMO RODRIGUEZ, MARIO CORONA, ARTURO MERCADO, ANDRES RODRIGUEZ, ERNESTO ZAMORA, ROBERTO CAMBA, GUADALUPE RODRIGUEZ and CHUBY PALMA, | Date:   August 2, 2019<br>Time:   9:30 a.m.<br>Courtroom: 8C |
| Defendants. | |
| JOSE DE JESUS NAVARRO | |
| Cross-Plaintiff | |
| vs. | |
| ABEL DE LUNA | |
| Cross-Defendant | |

1

**MOTION TO DISQUALIFY**

**TO THE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on August 2, 2019 at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 8C of this Court, located at 350 West 1st Street, Los Angeles, California 90012, Defendant/Cross-Complainant Jose De Jesus Navarro ("Navarro") will move this Court for an order disqualifying Steven J. Eyre ("Eyre") from representing Plaintiff/Cross-Defendant Abel De Luna("De Luna") in this action.

This motion will be made on the ground that a conflict of interest exists as to Attorney Eyre's representation of Plaintiff De Luna. This motion is based on California Rules of Professional Conduct, Rule 3-310(e), which prohibits an attorney from accepting employment adverse to a former client where by reason of such former representation, the attorney has obtained confidential information material to the present case and FRCP, Rule 1.9 "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."

This motion is further based on Code of Civil Procedure § 128(a)(5), which grants the Court authority to disqualify counsel and FRCP 1.7, 1.9.

This motion will be based upon this notice, the accompanying memorandum of points and authorities, the pleadings, records; documents on file herein and upon such oral and documentary evidence as may be presented at the hearing on this motion.

Dated: 06/14/19                                    /s/ Marcus Gomez_____
                                                   Marcus Gomez
                                                   Attorney for Defendants/Cross-
                                                   Complainant. Jose De Jesus Navarro

2

MOTION TO DISQUALIFY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant/Cross-Complainant Jose De Jesus Navarro ("Navarro") risks being disadvantaged in this action due to Plaintiff/Cross-Defendant Abel De Luna's ("De Luna") attorney, Steven J Eyre ("Eyre"), representation of De Luna in this action.  Eyre has a conflict of interest with Navarro in his representation of De Luna due to a successive representation of Navarro and De Luna.  Navarro was represented by Eyre regarding the same issues in this very action in a prior case Banda Arkangel R-15, et al vs. Hilario Ortega, et al, Case Number :. Therefore, due to the successive representation, there is a possibility that Eyre possesses, or may possess in the future, Navarro's confidential information . Because California law protects the integrity of the judicial process, any ethical violation, or even potential ethical violation, must be addressed and remedied. In addition FRCP, Rule 1.9 mandates that A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."

Accordingly, this Court must disqualify attorney Eyre from representing De Luna in this action.

## II.  STATEMENT OF FACTS

Prior to De Luna's filing of this action, on October 24, 2018, attorney Eyre in the case Banda Arkangel R-15, et al v. Hilario Ortega, Case Number: 2:00-cv-07357-LGB-Mc filed lawsuit against certain Defendants regarding the right to the trademark of Banda

Arkangel. This suit was filed on behalf of Banda Arkangel, Abel De Luna, (Plaintiffs in the instant action) (Defendants and Cross-Complaint in the instant action), and others.

Navarro was shocked to discover that the very law firm he had previously been represented by had filed an action against him on behalf of De Luna. De Luna brought this action against Navarro with claims related to his partnership agreements with Navarro related to the Banda Arkangel trademark.

Navarro through his current counsel discovered that Eyre likely committed an ethical violation by representing De Luna. Specifically, discovering this conflict, Navarro's attorney sent a letter to Eyre addressing the ethical concerns and conflict of interest in Eyre's representation of De Luna. Eyre did not obtain Navarro's consent to represent De Luna. Navarro's attorney further gave Eyre the opportunity to informally resolve this issue without necessitating the filing of this motion. However, despite this opportunity, Eyre has not withdrawn from representing De Luna in this action. Thus, Navarro is forced to bring this motion to disqualify Eyre from representing De Luna in this action.

## DISCUSSION

### A. The Court Is Authorized To Disqualify Eyre Firm From Representing De Luna In This Action

" A trial court's authority to disqualify an attorney derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" *In re Charlisse C*. (2008) 45 Cal.4th 145, 159; *Code Civ. Proc*., § 128(a)(5). The purpose of the Court's inherent authority is not to impose a

4
**MOTION TO DISQUALIFY**

*penalty but to remedy the effect of the attorney's misconduct. McMillan v. Shadow Ridge at Oak Park Homeowner's Assn*. (2008) 165 Cal.App.4th 960. While a client has a right to be represented by counsel of his choice, this right "must yield... to considerations of ethics which run to the very integrity of the judicial process." *Comden v. Superior Court* (1978) 20 Cal.3d 906, 915.

### B. This Court Must Disqualify Eyre From Representing DeLuna Due To A Conflict of Interest Resulting From A Successive Representation

An attorney is subject to disqualification if he has a conflict of interest with an opposing party in the action. *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, In*c. (1999) 20 Cal.4th 1135, 1147. "Conflicts of interest commonly arise in one of two factual contexts: (1) in cases of successive representation, where an attorney seeks to represent a client with interests that are potentially adverse to a former client of the attorney; and (2) in cases of simultaneous representation, where an attorney seeks to represent in a single action multiple parties with potentially adverse interests." *In re Charlisse C*. (2008) 45 Cal.4th 145, 159. "In successive representation cases, 'the chief fiduciary value jeopardized is that of client confidentiality.'" *Id*. California Rules of Professional Conduct Rule 3-310 "prohibits attorneys from accepting employment adverse to a client or former client if by reason of the representation the attorney obtained confidential information material to the employment, unless the former client provides an informed written consent." *Pound v. DeMera DeMera Cameron* (2005) 135 Cal.App.4th 70, 78. Therefore, the disqualification standards developed for successive representation

cases focus on the former client's interest in maintaining the confidentiality of matters disclosed to the attorney. *In re Charlisse C.* (2008) 45 Cal.4th at 159.

An attorney is deemed to have an attorney-client relationship that is subject to disqualification due to a conflict of interest with a former client if the attorney consulted with, but was not retained by, the prospective client. *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc*. (1999) 20 Cal.4th 1135, 1147-1148. "When a party seeking legal advice consults an attorney at law and secures that advice, the relation of attorney and client is established prima facie." Id at 1148. "The primary concern is whether and to what extent the attorney acquired confidential information." *Id*. "An attorney represents a client-for purposes of a conflict of interest analysis-when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result." *Id*

Actual possession of confidential information is not required. *In re Marriage of Zimmerman* (1993) 16 Cal.App.4th 556, 563, as modified on denial ofreh'g (July 12, 1993). The former client only needs to establish there is a possibility of a breach of confidence to trigger disqualification. Id Moreover, if the former client establishes that a substantial relationship exists between the current and former representation, then possession of confidential information is presumed. Id.

Under the substantial relationship test, the Court must determine whether the subject matter in the attorney's current and former representations are substantially related such that the attorney is placed in a situation where he could breach the duty of confidentiality to the former client. *Flatt v. Superior Court* (1994) 9 Cal.4th 275,282; *In re Marriage of*

6
MOTION TO DISQUALIFY

*Zimmerman* (1993) 16 Cal.App.4th at 563, as modified on denial of reh'g (July 12, 1993). To determine whether a substantial relationship exists, the Court can apply three factors: "factual similarity, legal similarity, and nature and extent of the attorney's involvement with the cases." *Rosenfeld Construction Co. v. Superior Court* (1991) 235 Cal.App.3d 566, 576. The information the attorney obtained from the prior representation must be material to the current employment. *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft* (1999) 69 Cal.App.4th 223, 234. "As part of its review, the court should examine the time spent by the attorney on the earlier cases, the type of work performed, and the attorney's possible exposure to formulation of policy or strategy." *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft* (1999) 69 Cal.App.4th 223, 234. "If a substantial relationship is established, the discussion should ordinarily end. The rights and interest of the former client will prevail. Conflict would be presumed; disqualification will be ordered." *Flatt v. Superior Court* (1994) 9 Cal.4th 275, 283.

Rule 1.9 Duties to Former Client-Comment

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."

1] After termination of a client-lawyer relationship, a lawyer has certain continuing duties with respect to confidentiality and conflicts of interest and thus may not represent another client except in conformity with this Rule. Under this Rule

[2] The scope of a "matter" for purposes of this Rule depends on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited

3] Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.

Here, Eyre has a conflict of interest with Navarro by representing De Luna in this action. Eyre's prior representation of Navarro, is sufficient to disqualify him from being the attorney for De Luna in this action. This is a classic case of successive representation where the attorney formed an attorney-client relationship with a former client through an initial representation and subsequently represents an opposing party in a matter substantially related to the matter of the former client (the very same partnership and entity). In fact, this case goes beyond that of an initial consultation because Navarro actually retained Eyre in a prior case. Even if Eyre does not actually possess any of Navarro's confidential information, the possibility that Eyre will obtain such confidential information triggers his disqualification. In re *Marriage of Zimmerman* (1993) 16 Cal.App.4th at 563. ["It is the <u>possibility</u> of the breach of confidence, not the fact of an actual breach that triggers disqualification."] Moreover, because the subject matter in this action is factually and legally similar, if not identical, to the subject matter that Navarro discussed in his

consultation with Eyre, i.e. the parties' rights in relation to the trademark and partnership, this Court can presume that Eyre possesses Navarro's confidential information.

## IV. CONCLUSION

In order to protect Navarro's confidential information and prevent any possibility of breaching his confidences, this Court must disqualify Eyre from representing De Luna in this action. If this Court denies this motion, the integrity of the judicial process will be lost as Eyre will be able to continue representing De Luna despite his ethical violations. Therefore, based on the foregoing, Navarro respectfully requests this Court to grant his motion to disqualify. Navarro further requests that this Court prevent Eyre from representing De Luna in this action.

Dated: 06/14/19

By: /s/Marcus Gomez_____
Marcus Gomez, Attorney for Defendants
Jose De Jesus Navarro

### DECLARATION OF MARCUS GOMEZ

I, MARCUS GOMEZ, ESQ, make the following declaration:

1. I am an attorney at law duly licensed to practice in all the Courts of the State of California and the United States District Court, Central and Southern District of California. If called as a witness I could and would competently testify thereto based on my personal knowledge.

2. I represent the Defendant/Cross-Complainant Jose De Jesus Navarro.

3. This motion will be made on the ground that a conflict of interest exists as to Eyre's representation of De Luna. This motion is based on California Rules of Professional Conduct, Rule 3-310(e), which prohibits an attorney from accepting employment adverse to a former client where by reason of such former representation, the attorney has obtained confidential information material to the present case. It is further based on California law, which provides that when an individual attorney is disqualified for conflict of interest, vicarious disqualification of his entire law firm is mandated as well as federal law including FCRP, Rule 1.9.

4. Defendant/Cross-Complainant Jose De Jesus Navarro ("Navarro") risks being disadvantaged in this action due to Plaintiff/Cross-Defendant Abel De Luna's ("De Luna") attorney, Steven J Eyre ("Eyre"), representation of De Luna in this action. Eyre has a conflict of interest with Navarro in his representation of De Luna due to contemporaneous and then successive representation of Navarro and De Luna. Navarro and De Luna were represented by Eyre regarding the same issues in this very action (trademark and partnership) in a prior case Banda Arkangel R-15, et al v. Hilario Ortega, et al., Case Number:2:00-cv-07357-LGB-Mc. Therefore, due to the contemporaneous and then successive representation, there is a possibility that Eyre possesses, or may possess in the future, Navarro's confidential information. Because Federal and California law protect the

integrity of the judicial process, any ethical violation, or even potential ethical violation, must be addressed and remedied. Accordingly, this Court must disqualify Eyre from representing De Luna in this action.

5. Attached hereto is a copy CM/EF listing of the parties and their attorney Steve Eyre in the case filed July 6, 2000 (Banda Arkangel R-15, et al. vs. Hilario Ortega, et al); Case Number: 2:00-cv-07357-LGB-MC) wherein both Abel De Luna (Exhibit 1, page 219) and Jose De Jesus Navarro (Exhibit 1, pages6-9 and 7/9 and listed as Plaintiffs and counter defendants and wherein both are represented by the same attorney , Steven J Eyre (Id.)

6. I sent a letter to Eyre addressing the ethical concerns and conflict of interest in Eyre's representation of De Luna because Eyre did not obtain Navarro's consent to represent De Luna. I further gave Eyre the opportunity to informally resolve this issue without necessitating the filing of this motion (See attached Exhibit 2). However, despite this opportunity, Eyre has not withdrawn from representing De Luna in this action. Instead Eyre has demanded proof of Navarro's disclosure of confidential information which is contrary to Federal and State Rules (See Exhibit 3). Thus, Navarro is forced to bring this motion to disqualify Eyre from representing De Luna in this action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on June 14, 2019 at Norwalk, California

                                             /s/ Marcus Gomez
                                             MARCUS GOMEZ
                                             Attorney for Petitioner

MOTION TO DISQUALIFY

## DECLARATION OF JOSE DE JESUS NAVARRO

I, Jose De Jesus declare:

1. I am a Defendant/Cross-Complainant in the above-titled matter. If called upon to testify as to the matters set forth in this declaration, I could and would competently testify thereto based upon my personal knowledge.

2. Prior to De Luna's filing of this action, on October 24, 2018, attorney Steven J Eyre filed in Banda Arkangel R15, et al v. Hilario Ortega, et al-, Case Number: 2:00-cv-07357-LGB-Mc filed against Defendants regarding the right to the trademark of Banda Arkangel. This suit was filed on behalf of both me and the De Luna.

3. I was shocked to discover that the very attorney I had previously been represented by had filed an action against me on behalf of De Luna. De Luna brought this action against me with claims related to his partnership agreements with me and the Banda Arkangel trademark.

4. I discovered that Eyre likely committed an ethical violation by representing De Luna. After, discovering this conflict, my attorney sent a letter to Eyre addressing the ethical concerns and conflict of interest in Eyre's representation of De Luna because Eyre did not obtain my consent to represent De Luna.

5. I do not and have never agreed to Mr. Eyre representation of De Luna in his complaint against him .

//

//

MOTION TO DISQUALIFY

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on June 14, 2019 at Norwalk, California.

/s/ Jose De Jesus Navarro
Jose De Jesus Navarro

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, a copy of the following document was filed with the court via electronic filing:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ORDER DISQUALIFYING COUNSEL, STEVEN EYRE FROM REPRSENTING PLAINTIFF/CROSS DEFENDANT ABEL DE LUNA**

Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties mat access the filing through the Courts System:

Steven J. Eyre
3550 Wilshire Blvd., Ste 420
Los Angeles, CA  90010
Ph:814-4416
Fax:(213) 985-2159
stevenjeyre@gmailc.com

Attorney for Plaintiff/Cross Defendant Abel De Luna

                                              Respectfully Submitted,

                                              /s/ Marcus Gomez_____

                                              Marcus Gomez

15

**MOTION TO DISQUALIFY**